■      AL FEINBERG, on Behalf of Himself and All Other Tenants Similarly Situated, Respondent-Appellant, v. REGION HOLDING CORP., Appellant-Respondent, and ALBERT A. WALSH, as Administrator of the Housing and Development Administration of the City of New York, Respondent. DICMAC HOLDING CO., Intervening Defendant-Appellant-Respondent.— In a class action by a tenant, Al Feinberg, of an apartment located in the Borough of Queens, City of New York, *inter alia*, to enjoin his landlord and all landlords similarly situated from prosecuting eviction proceedings against plaintiff and all others similarly situated, by reason of rent increases based on interim maximum rent orders of defendant Administrator of the Housing and Development Administration of the City of New York, these appeals are by said landlord, defendant Region Holding Corp., and an intervenor-defendant, Dicmac Holding Co., from two orders of the Supreme Court, Queens County, both dated September 28, 1972 and entered October 2, 1972, and by plaintiff from one of said orders. One of said orders (hereinafter referred to as the original order) *inter alia* granted plaintiff's motion for a preliminary injunction and denied a cross motion by said intervenor-defendant to dismiss the action for failure to state a cause of action. Said defendant and said intervenor-defendant appeal from all of this order, except the portion which requires plaintiff to furnish a $100,000 undertaking as a condition of the preliminary injunction; and plaintiff appeals only from said portion of the order. The other order (hereinafter referred

to as the second order) (1) ·granted a motion by said intervenor-defendant to rehear the·motion for a preliminary injunction (the motion to rehear was on the ground of mootness, because the subject interim maximum rent order as to plaintiff had been superseded by a new maximum base rent order); (2) thereupon adhered to the original decision; and (3) granted plaintiff's cross·motion to substitute Janice C. Keehn in place of him as plaintiff and to substitute Beech Haven Co. (Keehn's landlord) in place of Region Holding Corp. as defendant. Defendant Region Holding Corp. and said intervenor-defendant appeal from· all of this order, except that by their briefs they have excluded the portion of the order which granted the motion to rehear the motion for a preliminary injunction. Appeals from the original order dismissed as academic without costs. That order was superseded by the second order, which granted a motion to rehear· the· motion for a preliminary injunction. Second order modified, by adding thereto, immediately after the words that "upon renewal the original decision is adhered to," the following: "except that the second and sixth decretal paragraphs of the prior order, dated September 28, 1972 and entered October 2, 1972, are struck out and plaintiff Al Feinberg's motion for a preliminary injunction is denied." As so modified, second order affirmed insofar as appealed from, without costs. Under all the circumstances of this case involving the rights of landlords and tenants of thousands of rent-controlled buildings in the City of New York, and the obligations of the Housing and Development Administration to implement Local Law No. 30 of the Local Laws ·of 1970 of the City of New York enacted by the City Council of the City of New York on July 10, 1970 concerning the rentals that appropriately might be charged for apartments in such rent-controlled buildings, it is our opinion that the granting of the preliminary injunction was an improvident exercise of discretion. No clear case has been made out in this action, of great public importance, preliminarily to enjoin the Housing and Development Administration from implementing the above-mentioned Local Law No. 30, which implementation had been directed by Special Term in New York County in another case (Matter of Benson Realty Corp. v. Walsh, 71 Misc 2d 339). At the trial of this equity action, which should proceed as expeditiously as reasonably possible, the trial court may consider the facts, the law and the equities as they may exist at the close of the trial, and may mold the relief which it may see fit to grant to any of the parties according to the exigencies and equities of this case as they might then exist (Matter of Galewitz, 3 A D 2d 280, 295, affd. 5 N Y 2d 721; Lightfoot v. Davis, 198 N. Y. 261, 273; State of New York v. Ole Olsen Ltd., 38 A D 2d 967, 968). Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.